In re Dewayne FLORIAN, Lynne Florian, Debtors.

Pine Bush Equipment Co., Inc., Plaintiff,

v.

Dewayne Florian, Lynne Florian, Tracy Saxe, Esq., Trustee, Defendants.

Bankruptcy No. 97–23720.
Adversary No. 98–2007.

United States Bankruptcy Court, D. Connecticut.

April 23, 1999.

Richard S. Baum, Baum & Baum, c/o Earl M. Temchin, Schettino & Temchin, North Haven, CT, for plaintiff.

William C. Eustace, Saxe Eustace & Vita, P.C., New Haven, CT, for trustee-defendant.

## *RULING AND ORDER ON PLAINTIFF FOR SUMMARY JUDGMENT*

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

Before the court is a motion for summary judgment, filed by Pine Bush Equipment Co., Inc., the plaintiff in a complaint which it filed against Tracy Saxe, Esq., the

Chapter 7 trustee ("the trustee") of the joint estate of Dewayne Florian and Lynne Florian ("the debtors"). The trustee objects to the granting of the motion, contending both that there are genuine issues as to material facts and that the plaintiff is not entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56, made applicable in bankruptcy proceedings by Fed. R.Bankr.P. 7056. For reasons that follow, the court concludes that there are no genuine issues of material facts and that the plaintiff is entitled to a judgment as a matter of law.

## II.

The plaintiff, a New York corporation in the business of leasing equipment, on or about July 18, 1997, leased a 40-foot telescopic forklift ("the forklift") on a monthly basis, pursuant to an executed rental agreement ("the rental agreement"), to Lynne Florian ("Lynne"). The rental agreement required Lynne to carry insurance against all risk of physical damage and that "such policies of insurance will name LESSOR ... as additional insureds." *Rental Agreement* at Section 8. The rental agreement, in Section 10, stated: "This is a contract of rental only and nothing herein conveys to Lessee any right, title or interest in or to any of the Equipment except as Lessee." The debtors, doing business as D & L Building Services, on or about June 23, 1997, purchased, as the named insured, a general liability insurance policy from Travelers Casualty & Surety Co. ("Travelers") which included coverage for the rental of the forklift, valued at $95,000. A certificate of insurance issued by the insurance agency provided that the plaintiff was the certificate holder and that the plaintiff be an "Additional Insured and Loss Payee." The debtors delivered the certificate of insurance to the plaintiff.

The forklift, while in the debtors' possession, was damaged, requiring repairs totaling $33,090.23. This claim was submitted to Travelers who, in payment thereof, issued two checks, made payable both to D & L Building Services and the plaintiff. The first check was in the amount of $25,975.27, dated September 18, 1997, and the second check was in the amount of $6,864.96 and dated February 27, 1998.

The debtors filed a voluntary Chapter 7 case on August 26, 1997. When postpetition they received the two checks from Travelers, they turned them over to the trustee who refused to deliver them to the plaintiff and who deposited the checks in his trustee bank account. The plaintiff commenced this action to determine the entitlement to the check proceeds.

## III.

The trustee contends that the check proceeds are property of the debtors' estate because, pursuant to Bankruptcy Code § 541(a)(1),[1] the insurance policy purchased by the debtors is property of the estate. The trustee argues that the plaintiff's claim against the estate is that of a general unsecured creditor, and that the plaintiff is not entitled to the check proceeds. The trustee relies upon *Bradt v. Woodlawn Auto Workers,* 757 F.2d 512 (2d Cir.1985) to support his position.

The plaintiff argues that, notwithstanding an insurance policy may be property of the estate, the issue here is who is entitled to the proceeds of the claim paid by the insurance carrier. The plaintiff argues it is entitled to the check proceeds, and cites as support *Houston v. Edgeworth (In re Edgeworth),* 993 F.2d 51 (5th Cir.1993).

## IV.

The court concludes that the trustee's reliance on *Bradt* is misplaced. *Bradt* in-

1. Section 541(a)(1) provides:
   The commencement of a case ... creates an estate. Such estate is comprised of all the following property, wherever located and by whomever hold:

   (1) all legal or equitable interests of the debtor in property as of the commencement of the case.

volved the right of a secured creditor to retain an insurance check issued for repairs made to the debtor's automobile. The accident to the automobile, requiring repair, occurred postpetition. The court of appeals ruled the insurance payment constituted proceeds, under Bankruptcy Code § 541(a)(6),[2] from property of the estate, the automobile, and the automatic stay provision of Bankruptcy Code § 362 prohibited the secured creditor from seizing the proceeds of the insurance draft. The court therefore affirmed the lower courts' ruling ordering the secured creditor to turn over to the trustee the insurance company's check proceeds which had been made payable to both the debtor and the secured creditor.

Unlike *Bradt,* the debtors here had no ownership interest in the forklift, only a right of possession under the rental agreement. Further, this plaintiff is not a secured creditor but the owner of a forklift that was never property of the estate.

The court concludes the situation at hand is more akin to by the authority cited by the plaintiff—*In re Edgeworth.* In *Edgeworth,* the debtor owned a malpractice insurance policy and claimed the debtor's estate ownership of such policy prevented persons alleging the debtor's malpractice to proceed outside the bankruptcy court to collect under the policy. The debtor relied on the doctrine that, in general, insurance policies are, under § 541(a), property of the estate. The court ruled against the debtor stating: "The question is not who owns the policies, but who owns the liability proceeds." 993 F.2d at 55. The court of appeals elaborated as follows:

> The overriding question when determining whether insurance proceeds are property of the estate is whether the debtor would have a right to receive and keep those proceeds which the insurer paid on a claim when a payment by the insurer cannot inure to the debtor's pe-

cuniary benefit. Then that payment should neither enhance nor decrease the bankruptcy estate. In other words, when the debtor had no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate.

## V.

The Travelers insurance policy, although purchased by the debtors, was intended to cover damages to non-estate property— the forklift owned by the plaintiff. The trustee has presented no credible argument as to why these insurance proceeds should inure to the debtors' pecuniary benefit. *See American Bankers Ins. Co. Of Florida v. Maness,* 101 F.3d 358, 364 ("§ 341 is not intended to expand the debtor's rights against others more than they exist at the commencement of the case."). Accordingly, the motion of the plaintiff for summary judgment is granted, and an order will issue that the trustee turn over to the plaintiff the check proceeds, plus any accrued interest. It is

**SO ORDERED.**

### *JUDGMENT*

The court having granted the plaintiff's motion for summary judgment by memorandum of even date, in accordance therewith, it is

**ORDERED, ADJUDGED AND DECREED** that the plaintiff, Pine Bush Equipment Co., Inc., recover of the defendant, Tracy Saxe, Esq., as Trustee of the Estate of Dewayne and Lynne Florian, the sum of $32,840.23 plus any interest accrued in the defendant-trustee's bank account.

---

2.  Section 541(a)(6) provides that property of the estate includes:

(6) Proceeds, product, offspring, rents or profits of or from property of the estate....